**Mathai P. Ponniah DAS,**
**Plaintiff–Appellant,**

v.

**OUR LADY OF MERCY MEDICAL CENTER and Renee Cortez,**
**Defendants–Appellees.**

**No. 02–7694.**

United States Court of Appeals,
Second Circuit.

Jan. 23, 2003.

David M. Rosoff, Law Offices of Carton & Rosoff, P.C., Mamaroneck, NY., for Appellant.

Terry Ross, McDermott, Will & Emery, New York, NY., for Appellees.

PRESENT: WINTER, CABRANES, Circuit Judges, and CAROL B. AMON, District Judge.*

**SUMMARY ORDER**

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL

---

* Of the United States District Court for the Eastern District of New York, sitting by desig-      nation.

REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of January, two thousand and three.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

In the instant case, the plaintiff invites the Court to find his bare allegations that discriminatory animus motivated his employer to terminate him to be sufficient to overcome the employer's proffered non-discriminatory rationale for its determination. So holding would be contrary to our well-settled case law, as set forth by the District Court in its extensive and thoroughly-supported opinion, *Das v. Our Lady of Mercy Medical Center,* No. 00 Civ. 2574, slip. op., 2002 WL 826877 (Apr. 30, 2002 S.D.N.Y.), and we decline to do so. The extensive history of poor performance reviews, which commences prior to the hiring of the supervisor, Renee Cortez, whom Das alleges discriminated against him, and which includes a record of gross breaches of his employer's sanitation and safety standards, fully meets the employer's burden of proffering a non-discriminatory motive for terminating Das. Das's rebuttal that the underlying motivation was racial animus for each and every negative review does not, absent any meaningful factual support, overcome the presumption that the employer acted legitimately. For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**